Reed v. Umbarger.

---

## LUMON H. REED v. WM. H. UMBARGER.

1. LABORER'S WAGES; *Finding and Judgment of Justice.* In a suit before a justice of the peace a finding that the demand is for laborers' wages is, when the issue is tendered by the bill of particulars, as conclusive as a finding of the amount due.

2. EXEMPTION; *Wages.* No personal property is exempt from attachment or execution for the wages of any clerk, mechanic, laborer, or servant.

### *Error from Labette District Court.*

REPLEVIN brought by Reed against Umbarger as constable, to recover possession of two mares of the value of $350. The defendant's answer admitted that Reed was the owner of the property, but defendant justified the taking by virtue of an execution issued to him as constable by a justice of the peace upon a judgment in favor of G. W. Bowman and

against said *Reed*. The answer set out the execution in full, from which it appears that Bowman recovered a judgment against *Reed* on the 15th of December 1871 for $105.20 debt, "for the wages of Bowman as a laborer for said Lumon H. Reed," and for costs of suit. The action of replevin was tried at the July Term 1872; and a jury being waived, the court found that, "The plaintiff is a citizen and resident of the State of Kansas, and is the head of a family, and was so on the 12th of January 1872; that on that day he had in his possession as owner thereof the property mentioned in the plaintiff's petition; that said property was of the value of $150; that said plaintiff Reed did not at that time have or own any other team of any kind; that on said 12th of January the said Umbarger was an acting constable and had in his hand as such an execution duly issued upon a judgment theretofore rendered by one James Paxton, a justice of the peace, in favor of G. W. Bowman and against said plaintiff Reed in an action then pending before said justice between said Bowman as plaintiff and said Reed as defendant; that said action was brought by the plaintiff therein against the said Reed for the recovery of the sum due upon a note theretofore given by said Reed to said Bowman for and on account of a demand that said Bowman had against said Reed; that said Bowman had under agreement performed work and labor for said Reed in cutting and putting up hay; that said judgment and execution was for the sum of $105.20 debt, and for costs of suit, and was for the sum then due from said Reed to said Bowman for the labor done and performed in putting up such hay, and was for wages due from said Reed to said Bowman for labor." And as a conclusion of law the court found "That said defendant is entitled to the possession of said property as constable as aforesaid, said property not being exempt from said execution." Judgment accordingly, and *Reed* brings the case here on error. No briefs on file.

*Ayres & Fox*, for plaintiff in error.

*F. A. Bettis*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Plaintiff brought his action of replevin for a span of mares, and the only question is, whether they were exempt from a certain execution in the hands of defendant. It is conceded that they were the only team plaintiff had, and would therefore be exempt as against any ordinary claim and judgment. They were held under an execution issued upon a judgment of a justice of the peace. The justice made a finding that the debt was for "laborer's wages," and so entered up the judgment. The execution followed the judgment. Of course, no personal property is exempt from seizure for laborer's wages. Gen. Stat., 474, ch. 38, § 6. It is claimed that this finding and statement upon the question in the justice's court, in its judgment, and execution, was without force, and unavailable in this action. The reasons urged therefor are two-fold: first, that this is not a matter of inquiry until after a levy, that it is wholly extraneous to the question of indebtedness, and that a finding thereon is surplusage, and concludes no one. We think this is a mistake. We see no reason why the justice may not properly make a finding as to the nature of the indebtedness. A finding that the debt is for wages of a laborer, is no more than a finding that it is on a promissory note. The justice must as a matter of fact necessarily find as to the nature of the demand in order to determine the question of his jurisdiction; and we see no reason why he should not reduce such finding to writing and enter it upon his docket. A mere finding for plaintiff is in effect a finding as to the nature of the demand, for it finds that the demand set out in the bill of particulars is correct. Of course, the justice cannot go outside the issue presented by the bill of particulars; and if he does, his finding will be a nullity. His finding is not prospective, but as to a present fact. The law determines the effect of a judgment on such a demand. The second reason is, that such finding was against the evidence. Of course, if the justice had power to make such a finding, the sufficiency of the testimony offered

before him to sustain it cannot be inquired into in this action. But it is claimed that the action was on a promissory note, and hence could not be for laborer's wages. This does not follow. It is an open question as to how far the giving of a note for an antecedent debt merges that debt and destroys the rights and remedies which the creditor previously had. The plaintiff had his day in court before the justice upon that question, and the justice decided against him. He took no appeal. Can he now collaterally question that determination? But concede for the moment that there is such a merger as prevents any reference to the consideration. Suppose the note expresses on its face that it is given for laborer's wages, may not the finding and judgment follow the note? Is not the maker estopped from questioning the fact, or complaining of such a judgment? The note is not before us in the record. It was not copied into the justice's docket; neither was the bill of particulars. It is enough that the record does not show that the note was not so worded. The judgment of a justice as well as that of the district court will be sustained until error is shown. The judgment will be affirmed.

All the Justices concurring.